IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT MORALES, ANGELA K. MORALES,
BRANDON R. MORALES, MARY ANN MORALES,
and TATE W. MORALES,

      Plaintiffs,

vs.                                                                                                  No. CIV 04-0558 JB/WDS

E.D. ETNYRE & CO., ROAD MACHINERY
COMPANY, INC., and JOHN DOES 1-10,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant E.D. Etnyre & Co.'s Motion for Protective Order Regarding Deposition of Tom Brown, filed November 12, 2004 (Doc.34). The Court held a hearing on this motion on November 16, 2004. The primary issue is whether the Court should grant a protective order and relieve Tom Brown from complying with the Plaintiffs' notice to take his deposition. Based on Plantiffs' counsel's representations, the Court believes a limited deposition of Tom Brown is appropriate under the circumstances. The court will grant the motion in part and deny the motion in part.

**BACKGROUND**

On or about June 20, 2003, Plaintiff Robert Morales was severely burned by hot asphalt while operating an asphalt black topper road machine, model BT-HS, serial No. J-8367 ("black topper"). Defendant E.D. Etnyre & Co. ("Etnyre") manufactured the black topper and Defendant Road Machinery Company, Inc. ("Road Machinery") distributed it. Robert Morales, along with his wife,

Angela K. Morales, and his children, Brandon R. Morales, Mary Ann Morales, and Tate W. Morales (collectively, the "Plaintiffs"), filed suit against Etnyre, Road Machinery, and John Does 1-10 .

The Plaintiffs served a Notice of Deposition Duces Tecum of Tom Brown on October 12, 2004, scheduling the deposition six business days later on October 20, 2004 at 1:00 p.m. See Notice of Deposition Duces Tecum, served October 12, 2004 (Doc. 34). Brown is Etnyre's Chief Executive Officer. Etnyre did not identify Brown as a witness, its representative at trial, or a person with knowledge.

Etnyre objected to the Notice of Deposition Duces Tecum and provided, for purposes of rules 30(d), 45(c) of the Federal Rules of Civil Procedure, and local rule 30.2, see D.N.M.L.R.-civ 30.2, verbal notice of Brown's non-appearance and verbal objections to production of documents. Etnyre now moves, pursuant to rules 26(c), 30(d), and 45(c) of the Federal Rules of Civil Procedure and local rule 30.2, for a protective order prohibiting the Plaintiffs from taking Brown's deposition.

The parties do not take issue or exception with respect to the timeliness of the Notice of Deposition or to this motion, because the parties have agreed to bring the question before the Court whether the Plaintiffs should be allowed to take Brown's deposition.

## LAW REGARDING PROTECTIVE ORDERS

Federal district courts have broad discretion over discovery. See Cummings v. Gen. Motors Corp., 365 F.3d 944, 952 (10th Cir. 2004); Cole v. Ruidoso Mun. Sch., 43 F.3d 1373,1386 (10th Cir. 1994); GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc., 998 F.2d 853, 858 (10th Cir. 1993). Rule 26(c) gives the Court discretion to grant a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In Thomas v. Int'l Bus. Mach., 48 F.3d 478 (10th Cir. 1995), the United States Court of

Appeals for the Tenth Circuit upheld the district court's protective order concerning the deposition of International Business Machines' chairman in an age discrimination case. See id. at 484. In that case, the plaintiff's notice to depose was untimely under the court's local rules and clashed with normal procedures regarding the deposition's location. See id. at 483. In addition, the chairman submitted an affidavit stating that he lacked personal knowledge regarding the plaintiff and that he was unaware of her performance ranking, work evaluations, or that she worked for IBM. See id. (citing Lewelling v. Farmers Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989)(barring plaintiffs from deposing chief executive officer who lacked knowledge regarding pertinent facts); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)(upholding protective order concerning deposition of drug manufacturer's president who was extremely busy, lacked direct knowledge of facts in dispute, and other employees had more direct knowledge)). The Tenth Circuit found that the plaintiff made no effort to demonstrate that she could not gather the information she sought from other IBM personnel for whom a deposition would be less burdensome, and this lack of proof, coupled with the plaintiff's procedural failures, justified a protective order. See id. at 483-84.

## ANALYSIS

Etnyre argues that the Plaintiffs have not shown that discoverable information is only available by deposing Brown. The Plaintiffs have already deposed three Etnyre employees. The Plaintiffs deposed Patrick O'Brien, Etnyre's Director of Engineering, on two occasions, once as a fact witness and once as a 30(b)(6) witness.

At the hearing on this motion, counsel for the Plaintiffs represented that he wanted to depose Brown because O'Brien was not able to provide information regarding Etnyre's corporate policy. Additionally, because O'Brien reports directly to Brown, the Plaintiffs assert that Brown's testimony

is needed to discover information regarding the authorization or ratification of O'Brien's actions. The Plaintiffs also argue that Brown's deposition is needed to discover information regarding Etnyre's record keeping.

The Court concludes that, at this stage in discovery, a short deposition of Brown is appropriate. Unlike the chairman in Thomas v. Int'l Bus. Mach., Brown may have personal knowledge regarding the Entnyre's policies, authorization or ratification of O'Brien's actions, and Etnyre's record keeping. Given, the Plaintiffs' representation that the deposition will be limited in time and scope, the Court does not believe it is unduly burdensome. The Court will deny Etnyre's motion for a protective order precluding the deposition, but will limit the deposition to one hour.

**IT IS ORDERED** that Defendant E.D. Etnyre & Co.'s Motion for Protective Order Regarding Deposition of Tom Brown is granted in part and denied in part. The Plaintiffs may depose Tom Brown. The scope of the deposition is limited to (i) Etnyre's corporate policy and authorization and ratification of O'Brien's actions; and (ii) record keeping. The Court instructs the Plaintiffs to complete the deposition in one hour.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Counsel:*

Jerrald J Roehl
Albuquerque, New Mexico

    *Attorney for the Plaintiffs*

Terry R. Guebert
Marcus E. Garcia
Albuquerque, New Mexico

    *Attorneys for the Defendant E.D. Etnyre & Co.*

Thomas M. Domme
Albuquerque, New Mexico

    *Attorney for the Defendant Road Machinery Company, Inc.*