IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT MORALES, ANGELA K. MORALES,
BRANDON R. MORALES, MARY ANN MORALES,
and TATE W. MORALES,

      Plaintiffs,

vs.                                                                      No. CIV 04-0558 JB/WDS

E.D. ETNYRE & CO.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant E.D. Etnyre & Co.'s Motion for Protective Order Regarding Depositions of Officer Michael Walker and William Braswell, M.D., filed May 11, 2005 (Doc. 96). The Court held a hearing on this motion on May 16, 2005. The issue is whether the Court should allow depositions of two witnesses who the Plaintiffs have not heretofore identified as witnesses. Based on the reasons stated on the record, and consistent with the Court's ruling at the hearing on this motion, the Court will grant Etnyre's motion.

## FACTUAL BACKGROUND

Officer Walker is a police officer with the City of Hobbs Police Department. He investigated this accident shortly after it occurred. Officer Walker made a diagram of the pool of asphalt and attached it to his police report.

Dr. Braswell is one of Defendant Robert Morales' treating physicians. He saw Morales for the first time on March 23, 2005. Dr. Braswell's examination and treatment of Morales generated additional medical records and medical expenses.

**PROCEDURAL BACKGROUND**

The parties have conducted thirteen depositions of the City of Hobbs employees, many of whom either witnessed the accident and/or were physically present at the accident scene, or who had some other personal knowledge of the accident and/or the Etnyre black topper: Mark Berry, German Manquirez, Jody Ashley, Anthony Maldonado, Gary Rohloff, Raul Llanez, Ronny Choate, Hugh Walker Davis, Armando Gonzales, Jimmy Dale Bingham, Steve Studley, Alvin Smith, and Rudy Calderon. Morales' treating physicians, Dr. Norman Schulman, Ed.D. and Dr. Gerald Demarest, M.D., have also been deposed. Etnyre stipulated to the admissibility of Morales' medical records and bills related to the accident.

The Plaintiffs have not, before attempting to depose Walker and Braswell, identified them as witnesses to be called at trial. The Plaintiffs were, however, aware of Morales' treating physicians and the police officer who investigated the incident. The discovery deadline expired over four months ago, on or about December 15, 2004.

Without the Court's leave, the Plaintiffs on April 29, 2005, served two Notices of Videotaped Deposition Duces Tecum of Officer Michael Walker and William Braswell, M.D. The Plaintiffs intend to conduct these videotaped depositions in Hobbs, New Mexico on May 20, 2005 at 10:30 and 1:00 p.m., respectively. The Plaintiffs also served a 30(b)(6) subpoena upon "Officer Walker, c/o Hobbs Police Department."

Pursuant to rules 26(b), (c) and 30(d), Etnyre moves for a protective order prohibiting the Plaintiffs from taking the depositions of Officer Michael Walker and William Braswell, M.D. Etnyre objects to the two Notices and also to the subpoena. The Plaintiffs oppose this motion.

**LAW REGARDING PROTECTIVE ORDERS**

The trial court has discretion to grant a protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure. See Thomas v. Intern'l Bus. Mach., 48 F.3d 478, 482 (10th Cir. 1995). In addition, rule 26(b)(2) instructs the court to limit the frequency or extent of the discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). A court may quash or modify a subpoena pursuant to rule 45(c). See Fed. R. Civ. P. 45(c). The party seeking a protective order or moving to quash a subpoena has the burden to demonstrate good cause and/or the privilege to be protected. See Fed. R. Civ. P. 26(c). See also Sentury Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996).

## ANALYSIS

At the hearing on this motion, the Court questioned whether Etnyre would object if the Plaintiffs avoided deposing Dr. Braswell by introducing Dr. Braswell's medical records into evidence. See Transcript of Hearing 6:2-5, taken May 16, 2005 (hereinafter "Transcript").[1]  Etnyre indicated that, absent anything out of the ordinary in Dr. Braswell's records, it would not object to them. See id. at 6:11-13. Based on this representation, the Court will grant Etnyre's motion for protective order prohibiting the deposition of Dr. Braswell.

At the hearing, the Plaintiffs also represented to the Court that they did not need Walker's testimony if Etnyre did not object to the introduction of Walker's diagram of the asphalt spill. See

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

id. 7:15-22.  Etnyre stated that it did not object to the diagram.  See id. at 8:4.  Based on these representations, the Court will grant Etnyre's motion for a protective order prohibiting Walker's testimony.

**IT IS ORDERED** that Defendant E.D. Etnyre & Co.'s Motion for Protective Order Regarding Depositions of Officer Michael Walker and William Braswell, M.D. is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jerrald J. Roehl
The Roehl Law Firm, P.C.
Albuquerque, New Mexico

    *Attorney for the Plaintiffs*

Terry R. Guebert
Marcus E. Garcia
Guebert, Bruckner & Bootes, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant E.D. Etnyre & Co.*