IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT MORALES, ANGELA K. MORALES,
BRANDON R. MORALES, MARY ANN MORALES,
and TATE W. MORALES,

       Plaintiffs,

vs.                                                                          No. CIV 04-0558 JB

E.D. ETNYRE & CO., ROAD MACHINERY
COMPANY, INC., and JOHN DOES 1-10,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants E.D. Etnyre & Co. and Road Machinery Company's Motion for Summary Judgment on Duty to Maintain, filed January 21, 2005 (Doc. 57). On February 18, 2005, the Court held a hearing on this motion and took it under advisement. The primary issue is whether Etnyre had a duty to retro-fit or recall the Black Topper. Based on the Plaintiffs' representations that Etnyre's duty to retro-fit or recall is no longer an issue in the case, and for the reasons the Court stated the February 18, 2005 hearing, the Court will grant Etnyre's motion for summary judgment.

## FACTUAL BACKGROUND

On June 20, 2003, Plaintiff Robert Morales was injured while he was operating an asphalt distributor machine commonly called a Black Topper. The Black Topper is used to spread both hot oil and/or hot asphalt in road construction projects. Etnyre manufactured the Black Topper at issue in this case.

The City of Hobbs owned the Black Topper and used it for road construction and maintenance projects. The City of Hobbs determined when maintenance needed to be performed on the Black Topper according to the number of hours on the vehicle's meter. See Deposition of Mark Berry at 35:21 - 36:6 (taken October 6, 2004)(hereinafter "Berry Depo."). The City of Hobbs' mechanics usually repaired the Black Topper. See id. at 104:19-25. On rare occasions, the Black Topper was repaired "off site." See id. The Black Topper's maintenance and repair history were maintained at the City of Hobbs' garage. See id. at 33:7-15.

In 1991, the Department of Transportation ("DOT") passed a regulation changing the required pressure rating on the Black Topper's lid or manhole cover from 2 to 3 p.s.i. to 20 to 30 p.s.i.. As a result, Etnyre created a new manhole cover for the Black Topper. See Deposition of Patrick O'Brieno. at 57:17 - 58:3 (taken September 14, 2004). Etnyre sent a notification flyer to Road Machinery advising that the Black Topper's manhole cover should be replaced with Etnyre's newer manhole cover to comply with DOT regulations. See Etnyre Notification Flyer. Road Machinery, through its predecessor, SMA, received the Etnyre notification flyer. See Deposition of Claude Dew at 28:11 - 29:1 (taken November 23, 2004).

The City of Hobbs was on Road Machinery's customer list. See Deposition of Wesley Kolster at 7:14-25 (taken December 14, 2004). At the time of the accident, a new manhole cover was not installed on the Black Topper. See Deposition of Alvin Smith at 5:7-8 (taken November 9, 2004). Up until the time of this accident, the City of Hobbs had not been notified about Etnyre's recommended change in the manhole cover. See id. at 48:16-20. See also Deposition of Hugh Davis at 68:9-17 (taken November 9, 2004).

**PROCEDURAL BACKGROUND**

-2-

On April 7, 2004, the Plaintiffs filed suit against Etnyre, as the manufacturer, and Road Machinery Company,[1] as the distributor, of the Black Topper.  See Plaintiffs' Complaint ¶ 1, at 1. The Plaintiffs alleged negligence and strict product liability for: (i) design; (ii) manufacture; (iii) sale; (iv) maintenance; and (v) distribution/marketing.  See Complaint ¶¶ 8, 10, and 12, at 2, 3.

Etnyre and Road Machinery filed, pursuant to rule 56 of the Federal Rules of Civil Procedure, their Motion for Summary Judgment on Duty to Maintain.  The Defendants contend that they are entitled to summary judgment on the Plaintiffs' claims of negligent or defective maintenance because the Black Topper was in the City of Hobbs' ownership and control and because the Defendants had no duty to continue to maintain, repair, or modify the Black Topper once Entyre sold it to the City of Hobbs.

At the hearing on this motion, the Court indicated that it did not believe the Plaintiffs' case was a duty to maintain case under New Mexico law.  See Transcript of Hearing at 60:3-8 (taken February 18, 2005).[2]  While Etnyre argued that the Plaintiffs had not properly alleged or put at issue Etnyre's duty to retro-fit or recall, the Court indicated that whether Etnyre had a duty to retrofit or recall the Black Topper, although not clearly alleged, was an issue in the case.  See id. at 60:11-22.  The Court then took the motion under advisement sugesting that it would grant summary judgment in favor of Etnyre on that issue.  See id. at  62:21 - 63:3.

---

[1]  On February 28, 2005, the Plaintiffs settled the claims against Road Machinery Company. See  Clerk's Minutes Regarding Rule 16 Settlement Conference, filed March 1, 2005 (Doc. 90).  On April 4, 2005, the Court dismissed with prejudice all claims against Road Machinery Company.  See Order of Dismissal with Prejudice, filed April 4, 2005 (Doc. 93).

[2]  The Court's citations to transcripts of hearings refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

On February 24, 2005, at a <u>Daubert</u> hearing in this matter, the Court explained its understanding that the Plaintiffs' duty to maintain claim only involved the Plaintiffs' contention that the Defendants had a duty to retro-fit or recall the Black Topper. <u>See</u> Transcript of Hearing at 63:5-10 (taken February 24, 2005).  The Court questioned whether this understanding was correct.  <u>See</u> <u>id.</u> at 63:12.  The Plaintiff's represented that the Court was correct.  <u>See</u> <u>id.</u> at 63:13.

The Court notified the parties that the case was set to try from June 14, 2005 to June 24, 2005.  <u>See</u> Minute Order, filed May 12, 2005 (Doc. 97).  Before trial, Jerry Roehl, counsel for the Plaintiffs, sent a letter to the Court indicating that the parties had conferred and agreed upon a statement of the case.  <u>See</u> Letter from Jerry Roehl to Judge James Browning, dated June 3, 2005. The statement of the case indicated that defective design was the only claim the Plaintiffs' were pursuing: "In this case, Robert Morales, his wife and children are suing E.D. Etnyre & Co. for improper design of an asphalt distributor."  <u>Id.</u>

On June 10, 2005, the parties filed their Pretrial Order (Doc. 123).  The Plaintiffs' provided a brief description of their claim: "Defendant's design of its asphalt distributor known as the 'Black Topper' was defective in that it posed an unreasonable risk of injury which resulted in hot asphalt escaping from the Black Topper and covering Plaintiff, causing catastrophic personal injuries, including severe burns."  Pretrial Order at 2.  Thus it appears that the Plaintiffs no longer assert that Etnyre had a duty to retrofit or recall the Black Topper.

## ANALYSIS

Based on: (i) the Plaintiffs' representation that their only assertion regarding Etnyre's duty to maintain is that Etnyre had a duty to recall or retro-fit the Black Topper; and (ii) the Plaintiffs' representations that the Plaintiffs no longer assert that Etnyre had a duty to retro-fit or recall the

Black Topper, the Court will grant Etnyre's motion for summary judgment on duty to maintain.

The Court would also grant summary judgment for the reasons stated at the February 18, 2005 hearing.  The Plaintiffs have not pointed to anything in New Mexico law that suggests the duty to maintain is so broad that it includes the duty to retro-fit or recall.  The duty to retro-fit or recall is covered by another section of the Restatement (Third) of Torts.  <u>See</u> Restatement (Third) of Torts § 11 (1998).  The Plaintiffs have not made the showing needed to create a genuine issue of fact on the elements in § 11.

**IT IS ORDERED** that Defendant E.D. Etnyre & Co. and Road Machinery Company's Motion for Summary Judgment on Duty to Maintain is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jerrald J. Roehl
The Roehl Law Firm, P.C.
Albuquerque, New Mexico

    *Attorney for the Plaintiffs*

Terry R. Guebert
Marcus E. Garcia
Guebert, Bruckner & Bootes, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant E.D. Etnyre & Co.*

Thomas M. Domme
Michael Duran

Miller Stratvert, P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Road Machinery Company*